Ok Rehearing.
When we said — in the opinion delivered on the 30th of December— that the rule filed by the district attorney was not before us, we meant —and it was a fact — that it did not accompany the transcript, and not— as erroneously supposed by the assistant prosecutor — that we could not have properly considered the same in passing upon the application evidenced by that rule. We looked for it after the submission of the case, but — when we did — it was not in the office of the clerk of this court, and this induced the remark made in the opinion, that thé only documents placed before us were the relator’s application for a mandamus and the judge’s answer to the application.
To the rule taken by the district attorney is attached a copy of the judge’s decision, and these two documents, which we saw and read for the first time, only after we had rendered our previous decree, and since the filing of the assistant prosecutor’s application for a rehearing, conclusively show that the rule to correct the minutes was discharged— not,- as we inferred from the judge’s answer, “ because no testimony was offered or brought before him, in his official capacity, either by affidavit taken ex parte, or in any other manner,” but for another, a different reason, and that is — in the words of the exception which he sustained— that, as to the matters embraced in the rule, his court is absolutely without jurisdiction.
We have said, and our opinion has not changed — that the judge has, and that he should exercise the power to correct the erroneous entries made, or supply those which are shown to have been improperly or inadvertently omitted on the minutes of the court over which he presides. This, it is his duty to .do, on application of the officer representing the State, the prisoner’s counsel, or any litigant, after due notice to the interested parties, and — dn criminal eases — in presence of the accused or convict. In so doing, a judge does not alter, he perfects or completes the defective or incomplete record of the trial — he does not resume jurisdiction of any branch of the cause which has passed beyond the limits of his jurisdiction, he merely takes an authorized step to transmit to this court a true and correct record.
*560 20 A. 580, 581, 582 — High’s Extraordinary Legal Remedies, p. 186, No. 245. H. D. — old ed. p. 73, No. 8.
In this instance, the writ of certiorari would have been inadequate, and believing — as we do — that the judge had jurisdiction, .and should have entertained the district attorney’s application,
It is ordered that our former decree is set aside, the mandamus issued by this court on the 6th of December 1878 made iieremptory, and that the judge of the Sixth District of the State take cognizance of, fix for trial, hear and determine the rule filed in his court, by the district attorney of said district, in the case entitled “ State of Louisiana vs. George Carrqll et ais.,” and that he pay the costs of this proceeding.